UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID HAMILTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:24-cv-00725 ) Judge Trauger ) |
| TENNESEE DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

David Hamilton, ("the plaintiff"), a state inmate incarcerated at the Riverbend Maximum Security Institution (RMSI), has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No.1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 3.) He has also filed a Motion to Appoint Counsel. (Doc. No. 2.) The case is before the Court on the plaintiff's IFP application and Motion to Amend and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

A prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's submissions that he lacks the funds to pay the entire filing fee, his IFP application (Doc. No. 3) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows the plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. MOTION TO APPOINT COUNSEL

The plaintiff has filed a Motion to Appoint Counsel, (Doc. No. 2.)

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of

counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his Motion to Appoint Counsel, the plaintiff states that he is a "common man with no understanding of the law," that he is unable to afford counsel, the issues in his case are complex, and that he is unable to afford counsel. (Doc No. 2.)

The plaintiff's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained pro se litigants). Moreover, the plaintiff has demonstrated that he is able to prosecute his case by filing a complaint, several attachments, and a motion for the appointment of counsel. At this time, the plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, the plaintiff's motion will be denied without prejudice to renew at a later time, if appropriate.

### III. INITIAL REVIEW

**A.     Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Facts**

The plaintiff alleges that while incarcerated at the South Central Correctional Facility, he was working one day in the kitchen, when Captain Clark, not a defendant named in this lawsuit, and the Chief of Security asked him to step outside. They accused him of fitting the description of someone who had just committed an assault. When the plaintiff protested that he had been working, Captain Clark informed the plaintiff that he was actually targeted because Clark remembered the plaintiff from being in the "hole," i.e. segregation, two years earlier. When the plaintiff placed his hands against the wall, he claims that Defendant Perry, the warden at the South

4

Central Correctional Facility, punched him in the back of the head, smashing his face into the wall and causing his face to become cut. When the plaintiff asked Perry why he was doing this, Defendant Captain Brown pulled out her mace can. Perry allegedly ordered Brown to spray mace on the plaintiff, which made it difficult for him to breath. The plaintiff fell to the ground where he claims he was beaten in the ankle bone, his hair was pulled by Perry, while they sprayed mace directly in his nostril. The plaintiff was taken to a medical exam room where he claims that Defendant Franks and another unnamed officer or officers, pulled his pants down and sprayed mace in his "posterior," which this court takes to mean his buttocks. The plaintiff alleges that this amounted to a sexual assault. The plaintiff was also beaten by these officers. The plaintiff received zero medical attention and was spit on and berated by Brown and other officers he cannot identify as he was escorted to the "hole." (Doc. No. 1 at 3-4).

Upon the plaintiff's transfer to RMSI, he reported the physical and sexual assault to the prison authorities, but he claims that they did nothing to address his concerns. The plaintiff alleges he was placed in an unsanitary cell with feces crammed in every window as retaliation for reporting the assaults and the denial of medical care. He also claims that he was placed in SuperMax for four months after reporting the incident, again in retaliation for reporting the incidents. (Doc. No. 1 at 4).

The plaintiff alleges he has sustained numerous physical injuries. (Doc. 1 at 5.)

**C.   Analysis**

**1. The Tennessee Department of Corrections must be dismissed from the suit.**

The complaint must be dismissed against the Tennessee Department of Corrections (TDOC), because it is an agency of the State of Tennessee and is immune under the Eleventh Amendment from being sued. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir.

2012); *see also Vick v. Core Civic*, 329 F. Supp. 3d 426, 450 (M.D. Tenn. 2018). The plaintiff's claim for money damages against the TDOC must be dismissed.

### 2. The suit must be dismissed against the Corrections Corporation of America.

The plaintiff has sued the Corrections Corporation of America ("CCA") because the CCA runs the South Central Correctional Facility. However, the plaintiff does not allege that the CCA had a policy of encouraging prison authorities to physically or sexually assault inmates, deny them medical care, or retaliate against them for exercising their rights.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious or supervisory liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

A private corporation like CCA "that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (citing *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996)). "However, CCA cannot be held liable under a theory of respondeat superior." *Id.* The plaintiff makes no allegation that CCA was involved in the deprivation of his constitutional rights or had a policy or custom of encouraging these deprivations. The Corrections Corporation of America is dismissed from the lawsuit.

### 3. The plaintiff has stated a claim against the remaining defendants.

The plaintiff alleges that Defendants Perry, Brown, Franks, and unknown officers

subjected him to excessive force by beating him or spraying him with mace.

A colorable Eighth Amendment claim for the use of excessive force contains both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). For a successful excessive force claim, the objective component requires that the pain inflicted be serious. *See Hudson*, 503 U.S. at 8–9. The subjective component of an excessive force requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson*, 501 U.S. at 302–03. In an excessive-force claim, the subjective component requires the plaintiff to show that the defendants acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'" *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). The plaintiff's allegations, if true, make out a colorable claim for excessive force.

The plaintiff also claims that the act by Defendant Franks and other unnamed guards in removing his pants and spraying him with mace in the buttocks amounts to a sexual assault.

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment. This is true whether the sexual abuse is perpetrated by other inmates…or by guards." *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019). The plaintiff's allegation that Franks and other guards removed his pants and sprayed mace in or on his buttocks, if true, states a claim for relief. The plaintiff alleges he was denied medical care for his injuries.

The Eighth Amendment to the U.S. Constitution requires prison officials to provide

7

adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F.2d 1450, 1454-1455 (6th Cir. 1993). To state a claim for a violation of this right, the plaintiff must allege that: (1) he had a sufficiently serious medical need; and (2) a defendant "acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (internal citations and quotation marks omitted). The plaintiff's allegations that he was denied medical care, if true, state a claim for relief.

The plaintiff also alleges that the defendants retaliated against him for reporting the assault and denial of medical care by placing him in an unsanitary cell and by sending him to SuperMax after he arrived at RMSI.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *see Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* The plaintiff, however, has not identified the defendants involved with this action. The court will give the plaintiff additional time to identify these defendants. (See below).

8

Case 3:24-cv-00725   Document 10   Filed 02/10/25   Page 8 of 10 PageID #: 135

## III. FURTHER PROCEEDINGS

As discussed above, the plaintiff has stated nonfrivolous claims against Defendants Grady Perry, James Franks, and f/n/u Brown. Accordingly, the Clerk is **INSTRUCTED** to send the plaintiff a service packet (blank summons and USM 285 form) for each of those Defendants.

The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the date of this Order. Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

As to the unnamed Defendants, process cannot be served upon unidentified individuals. Therefore, the plaintiff **MUST** exercise due diligence and conduct a reasonable investigation to promptly determine the full names of these Defendants so that process can be timely served under Federal Rule of Civil Procedure 4(m). The plaintiff **MUST** then file a motion to amend the Complaint to name the Defendants.

Defendants the Tennessee Department of Corrections and Corrections Corporation of America are **DISMISSED** from this action.

Plaintiff's Motion to Appoint Counsel (Doc. No. 2) is **DENIED WITHOUT PREJUDICE**.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28

U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge